**STATE of Missouri, Respondent,**

v.

**Warren WYNN, Appellant.**

No. 55394.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 23, 1990.

Henry B. Robertson, St. Louis, Asst. Public Defender, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Warren Wynn, appeals his jury conviction for the class D felony of

fraudulent use of a credit device pursuant to RSMo § 570.130 (1986) for which he was sentenced as a prior and persistent offender to a term of two years imprisonment. We affirm.

Appellant does not challenge the sufficiency of the evidence, so a brief recital of the facts will be sufficient. On July 8, 1987, Julie Ochoa left her backpack for a short period of time at the St. Louis University Library. When she returned, she discovered that her cash and Visa card were missing. The Visa card was in Miss Ochoa's name. She immediately notified the bank that the card was stolen.

Later that same day, appellant went to a J.C. Penney store and asked to look at some gold chains. He selected one priced in excess of $500.00. Appellant gave the J.C. Penney employee the Visa with Miss Ochoa's name on it but the computer would not accept the card. When the employee called to get authorization, she was informed that the card had been reported as stolen. She refused to return the card to the appellant, who left the store and was subsequently arrested. Appellant's sole point of error is that the trial court erred in denying appellant's challenge for cause to Venireman Barebo. Appellant claims that Venireperson Barebo could not be a fair and impartial juror because appellant was being represented by a public defender and Venireperson Barebo had expressed a distrust of public defenders.

The trial court possesses broad discretion in determining the qualifications of prospective jurors; the trial court's ruling will not be disturbed on appeal unless the ruling is against the weight of the evidence and constitutes a *clear* abuse of discretion. *State v. Lingar*, 726 S.W.2d 728, 733 (Mo. banc 1987).

During voir dire, appellant's trial counsel, Mr. Jimerson, got into a lengthy and confused discussion with Venireperson Mulligan about the credibility of police officers. This exchange between Mr. Jimerson and Venireperson Mulligan prompted Venireperson Barebo to volunteer:

VENIREMAN CYNTHIA BAREBO: I've been thinking and in connection with my job I have some problems believing public defenders.

MR. JIMERSON: And your job is a social worker at the Missouri Department of Social Workers?

VENIREMAN CYNTHIA BAREBO: Right.

MR. JIMERSON: And why is that?

VENIREMAN CYNTHIA BAREBO: I've had connections where clients in my case load have been defended by public defenders, and I thought they were kind of sneaky and kind of twisted things around trying to get people off when I already had known from working with the clients that they were—had already assumed they were guilty and was working on that assumption.

MR. JIMERSON: Okay. So basically, you're experience, based on what you've been told, you think public defenders are sneaky?

VENIREMAN CYNTHIA BAREBO: Not what I've been told, what I've experienced.

MR. JIMERSON: What you've experienced that they are sneaky. Okay. You've heard that I am a public defender?

VENIREMAN CYNTHIA BAREBO: Yes.

MR. JIMERSON: Have I done anything at this time that appears to be sneaky?

VENIREMAN CYNTHIA BAREBO: Well, I feel you twisted this man's words around a lot and I've experienced that.

MR. JIMERSON: Okay. does anyone else feel that way; that I twisted his—as being Mr. Mulligan's words around? Does anyone here feel that way?

I would say to you, Ms. Barebo, I've tried to understand what you're saying. But, if I twisted them around, I apologize to them because I'm not after that at this point.

VENIREMAN CYNTHIA BAREBO: Right.

MR. JIMERSON: I'm out to get everything I can to make sure that Mr. Wynn has a fair trial.

VENIREMAN CYNTHIA BAREBO: Uh-huh.

MR. JIMERSON: Okay. Now, you felt uncomfortable about that. Are you still feeling uncomfortable about the way I treated Mr. Mulligan?

VENIREMAN CYNTHIA BAREBO: Well, I don't have a problem with the way you treated him. It's just the way you were speaking and it seems that you got him all confused. It has been my experience before with public defenders confusing people in making things turn out the way I didn't think they should have.

MR. JIMERSON: Have you ever served on a criminal case before?

VENIREMAN CYNTHIA BAREBO: No.

MR. JIMERSON: Okay. And your experience stems from direct contacts with public defenders?

VENIREMAN CYNTHIA BAREBO: Yes.

MR. JIMERSON: And you think you would bring that with you to trial, your feelings about public defenders?

VENIREMAN CYNTHIA BAREBO: It would be hard to leave it outside the courtroom.

Neither the State nor the court tried to rehabilitate her. Appellant challenged for cause and the court responded:

THE COURT: That has nothing to do with this defendant. All her answers were in terms of this defendant and her ability to evaluate the evidence is she can be fair. The fact that she might not like public defenders as defense attorneys, period, I think she knows that the State—she is going to be fair in terms of evaluating the evidence and the testimony. So, I can't give that one.

In addition, on the day of trial, Mr. Jimerson made a motion to quash the panel because he was forced to use a peremptory strike to remove Miss Barebo. The court responded:

THE COURT: Ms. Barebo stated that she could be fair and impartial to both sides; that she could listen to the evidence and she would follow the instruc-

tions of the Court. ... she said she could give your client a fair trial; that she could listen to the evidence and the testimony and follow the instructions of the Court; that her opinions with regard to public defenders in general had nothing to do with her ability to be fair and impartial to your client who is not a public defender.

An accused must be offered a full panel of qualified jurors before he is required to expend his peremptory challenges. Failure of the trial court to grant a legitimate challenge for cause is an abuse of discretion and reversible error. *State v. Schwer*, 757 S.W.2d 258, 262 (Mo.App., E.D.1988). Where there is no independent examination of the venireperson in question by the trial court, this court is justified in making a more searching review of the challenged venireperson's qualifications. *Lingar*, 726 S.W.2d at 734.

In *State v. Schwer*, this court stated A clear line cannot be drawn for all cases as to when a challenge for cause should be sustained; each case must be judged on its particular facts. *State v. Smith*, 649 S.W.2d 417, 422[2–7] (Mo. banc 1983). There will be instances in which an appellate court might have done differently but cannot say there was an abuse of discretion. *Id.* Appellate review of the trial court's action is undertaken with the recognition that a determination by the trial judge of the qualifications of a prospective juror necessarily involves a judgment based on observation of his demeanor and, considering that observation, an evaluation and interpretation of the answers as they relate to whether the venireman would be fair and impartial if chosen as a juror. *Id.* Because the trial court is in a better position to make that determination than the appellate court, doubt as to the trial court's findings will be resolved in its favor. *State v. Engleman*, 634 S.W.2d [466] at 472[5–6] [1982]. Although errors in the exclusion of potential jurors should always be on the side of caution, reversal is required only if the defendant has been prejudiced. *State v. Draper*, 675

**450**

S.W.2d [863] at 865[5] [1984]. *Schwer*, 757 S.W.2d at 262.

■ Although it is evident that venireperson Barebo had some distrust for public defenders, the record, taken as a whole, supports the trial court's findings that she would be a fair and impartial juror if selected. Miss Barebo affirmed that she could evaluate the testimony of a witness impartially, even if the witness turned out to be a member of her church. She stated that she could be a fair juror even though her father works as a civilian for the police department. In addition, at the close of voir dire, when appellant's trial counsel asked if there was anything that would keep anyone from being a fair juror, Miss Barebo did not state that she could not be fair.[1] As no abuse of discretion is found in the trial court's refusal to grant appellant's motion to strike for cause, the judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

1. A similar ·question was asked at the close of the prosecutor's voir dire and was met with equal silence.